**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomason Wilson, | No. CV-18-08108-PHX-DGC (ESW) |
| Movant/Defendant, | No. CR-04-01267-PCT-DGC |
| vs. | |
| United States of America, | **ORDER** |
| Respondent/Plaintiff. | |

Pursuant to 28 U.S.C. § 2255, Thomason Wilson moves to vacate his sentence for use of a firearm in a crime of violence. Docs. 1, 18, 27. Wilson objects to Magistrate Judge Eileen Willett's denial of his motion to expedite proceedings. Docs. 26, 28. Judge Willett has issued a report recommending that the government's motion to stay further proceedings be denied ("R&R"). Docs. 29-30. The government objects. Doc. 31; *see* Docs. 32-34 (notices of supplemental authority). For reasons stated below, the Court will accept the R&R, deny the government's motion to stay, and affirm the denial of Wilson's motion to expedite proceedings.

**I.    Background.**

In March 2005, a jury convicted Wilson of second degree murder, in violation of 18 U.S.C. § 1111, and use of a firearm in a crime of violence, in violation of 18 U.S.C. § 924(c). Doc. 29, Case No. CR-04-01267. He was sentenced to a 135-month prison

term on the murder conviction and a consecutive 120-month term on the § 924(c) conviction. Doc. 52. The Ninth Circuit affirmed the convictions and sentences. Doc. 69.

Wilson filed a pro se motion to vacate his sentence on the § 924(c) conviction in May 2018. Doc. 1, Case No. CV-18-08018. He filed a second amended motion through appointed counsel in August 2019, arguing that the predicate crime of second degree murder is no longer a "crime of violence" for purposes of § 924(c). Doc. 27 at 3-5 (citing *United States v. Davis*, 139 S. Ct. 2319, 2323 (2019) (holding that the residual clause in § 924(c)(3)(B) is unconstitutionally vague); *Covarrubias Teposte v. Holder*, 632 F.3d 1049, 1053 (9th Cir. 2011) ("crimes involving the reckless use of force do not qualify" as a "crime of violence")); *see also United States v. Begay*, 934 F.3d 1033, 1041 (9th Cir. 2019) ("Second-degree murder is not categorically a crime of violence under the elements clause, 18 U.S.C. § 924(c)(3)(A). And, pursuant to *Davis*, second-degree murder cannot constitute a crime of violence under the residual clause, section 924(c)(3)(B)[.]").

On August 26, 2019, Judge Willett granted Plaintiff's motion to lift the stay that had been imposed pending the Ninth Circuit's decision in *Begay*. Doc. 26 at 1; *see* Docs. 19-20, 22. Judge Willett required the government to file a response to Wilson's motion to vacate sentence, but denied Wilson's motion to expedite the proceedings. Doc. 26 at 1-2; *see* Doc. 25.

The government moves for a stay of Judge Willett's August 26 order pending an *en banc* decision in *United States v. Orona*, 923 F.3d 1197 (9th Cir. 2019), and any further proceedings in *Begay*. Doc. 29 at 2. The government asserts that the *en banc* panel in *Orona* will "address the same issue posed in *Begay* – whether a crime of violence can be committed recklessly, in light of the United States Supreme Court's decision [in] *Voisine v. United States*, 136 S. Ct. 2272 (2016)." *Id.* Judge Willett recommends that the motion to stay be denied and that the government be given 30 days to respond to Wilson's § 2255 motion. Doc. 30.

## II. Standard of Review.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court "must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## III. Judge Willett's R&R.

A district court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). But as Judge Willett noted, "habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." Doc. 30 at 2 (quoting *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000)). "Special solicitude is required because the [habeas] writ is intended to be a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" *Yong*, 208 F.3d at 1120 (quoting *Fay v. Noia*, 372 U.S. 391, 400 (1963)).

Wilson estimates that he completed his sentence for second degree murder in early 2014 and has served more than five years of the § 924(c) sentence. Doc. 28 at 2. Noting that, like in *Begay*, Wilson's § 924(c) conviction is predicated on second degree murder, Judge Willett found it significant that Wilson may be released from prison if his § 924(c) conviction is vacated. Doc. 30 at 2-3 (citing *United States v. Carcamo*, No. CR 08-0730 WHA, 2016 WL 5897735, at *1 (N.D. Cal. Oct. 11, 2016) (denying stay "in light of the fact that defendant could possibly be sentenced to time served if his 2255 motion is granted")). Judge Willett concluded that staying this matter pending completion of further proceedings in *Orona* and *Begay* would be unduly prejudicial to Wilson. *Id.* at 3.

3

## IV. The Government's Objection.

The government concedes that Wilson likely would be released from custody if the Court were to grant his motion to vacate the § 924(c) sentence. Doc. 31 at 2. But the government argues that Wilson's release from custody is not the only factor to consider, and that the interests of judicial economy "balance in favor of a 'short stay' of limited duration." *Id.*

The requested stay would last several months or more. The Ninth Circuit's oral argument in *Orona* will be held the week of June 15, 2020. Doc. 69, Case No. 17-17508 (9th Cir. Feb. 7, 2020). The petition for a panel rehearing in *Begay* is being held in abeyance pending a decision in *Orona. See Begay*, No. 14-10080, 2019 WL 7900329, at *1 (9th Cir. Dec. 5, 2019). Although rehearing rulings in *Orona* and *Begay* may be instructive on the legal issue at the heart of Wilson's motion to vacate his § 924(c) sentence, it is not reasonable to conclude that the rulings will be issued "in the very near term[.]" Doc. 31 at 3. Nor does the Court find that the prejudice to Wilson from a stay is outweighed by the interests of judicial economy or the government's desire to delay filing a response to Wilson's § 2255 motion. The Court will accept the R&R and deny the government's motion to stay.

## V. Wilson's Objection to the Denial of His Motion to Expedite Proceedings.

Judge Willett found no good cause to grant Wilson's motion to expedite proceedings. Docs. 25-26. Wilson objects, arguing that his sentence for murder expired years ago and the relevant legal issues on his § 924(c) sentence have been resolved by appellate courts. Doc. 28 at 1-2. But as noted, a petition for a panel rehearing is pending in *Begay* and the petition for an *en banc* hearing in *Orona* was granted. The Court cannot conclude that the relevant legal issues are well settled.

The Court will require the government to respond to Wilson's § 2255 motion within 30 days from the date of this order.[1] Once fully briefed, the Court will strive to

---

[1] Wilson does not object to an extension of time for the government to file the

4

rule on the motion quickly. The Court cannot conclude that Judge Willett erred in denying Wilson's motion to expedite proceedings.

**IT IS ORDERED:**

1. Judge Willett's R&R (Doc. 30) is **accepted**.

2. The government's motion to stay further proceedings (Doc. 29) is **denied**.

3. Judge Willett's order denying Wilson's motion to expedite proceedings (Doc. 26) is **affirmed**.

4. The government shall file a response to Wilson's second amended motion to vacate sentence (Doc. 27) on or before **March 23, 2020**. Wilson may file a reply on or before **April 6, 2020**.

Dated this 20th day of February, 2020.

_David G. Campbell_
David G. Campbell
Senior United States District Judge

---

response. *See* Doc. 29 at 7.