# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Thomason Wilson,

        Movant/Defendant,

v.

United States of America,

        Respondent/Plaintiff.

No. CV-18-08108-PCT-DGC (ESW)
CR-04-01264-PCT-DGC

**REPORT
AND RECOMMENDATION**

**TO THE HONORABLE DAVID G. CAMPBELL, SENIOR UNITED STATES DISTRICT JUDGE:**

Pending before the Court is Thomason Wilson's Second Amended "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (the "Second Amended § 2255 Motion") (Doc. 27).[1]  The undersigned has reviewed the Second Amended § 2255 Motion, the United States' Response (Doc. 38), and Movant's Reply (Doc. 41).  For the reasons explained herein, it is recommended that the Court grant the Second Amended § 2255 Motion (Doc. 27).

## I.  BACKGROUND

In 2005, a jury found Movant guilty on the following two counts:

---

[1] Citations to "Doc." are to the docket in CV-18-08108-PCT-DGC (ESW).  Citations to "CR Doc." are to the docket in the underlying criminal case, CR-04-01264-PCT-DGC.

i.       Count One: Crime on an Indian Reservation, Second Degree Murder, a Class A Felony offense, in violation of 18 U.S.C. §§ 1153 and 1111; and

ii.      Count Two: Crime on an Indian Reservation, Use of a Firearm in a Crime of Violence, a Class A Felony offense, in violation of 18 U.S.C. §§ 1153 and 924(c).

(CR Doc. 52 at 1).  The Court sentenced Movant to a 135-month prison term on Count One and a 120-month prison term on Count Two, which is to be served consecutively to the sentence on Count One.  (*Id.*).

In March 2007, the Ninth Circuit affirmed Movant's convictions and sentences. (CR Doc. 69).  In his pending Second Amended § 2255 Motion, Movant challenges the constitutionality of his conviction on Count Two (use of a firearm in a crime of violence in violation of 18 U.S.C. § 924(c)).  The United States does not assert any affirmative defenses in its Response (Doc. 38).

## II.  DISCUSSION

18 U.S.C. § 924(c) is a substantive criminal offense that sets forth mandatory sentences for defendants who "during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm . . . ."  The term "crime of violence" is defined as:

> an offense that is a felony and –
>> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>>
>> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  Subsection A above is referred to herein as the "Elements/Force Clause."[2]  Subsection B above is referred to herein as the "Residual Clause."

On June 24, 2019, the Supreme Court held that the Residual Clause of § 924(c) is unconstitutionally vague.  *United States v. Davis*, 139 S.Ct. 2319 (2019).  Despite the

___

[2] Courts and parties refer to Subsection A of 18 U.S.C. § 924(c)(3) interchangeably as the "elements clause" or the "force clause."

- 2 -

Residual Clause's unconstitutionality, Movant's § 924(c) convictions would be upheld if his predicate felony (second degree murder) is a "crime of violence" under the Elements/Force Clause.

Courts apply a "categorical approach to determining which offenses are included under section 924(c) as 'crimes of violence.'" *United States v. Amparo*, 68 F.3d 1222, 1224 (9th Cir. 1995); *United States v. Piccolo*, 441 F.3d 1084, 1086-87 (9th Cir. 2006) ("In the context of crime of violence determinations under § 924(c), our categorical approach applies regardless of whether we review a current or prior crime."). The Ninth Circuit has explained that under the categorical approach, courts

> do not look to the particular facts underlying the conviction, but "compare the elements of the statute forming the basis of the defendant's conviction with the elements of" a "crime of violence." The defendant's crime cannot categorically be a "crime of violence" if the statute of conviction punishes any conduct not encompassed by the statutory definition of a "crime of violence."
>
> If the statute of conviction does not qualify as a categorical "crime of violence," [courts] sometimes then apply the modified categorical approach, which allows us to look to a narrow set of documents that are part of the record of conviction.

*United States v. Benally*, 843 F.3d 350, 352 (9th Cir. 2016) (citations omitted).

On May 10, 2019, the Ninth Circuit issued its decision in *United States v. Orona*, 923 F.3d 1197 (9th Cir. 2019). *Orona* did not involve 18 U.S.C. § 924(c), but rather 18 U.S.C. § 924(e)(1), which sets forth a mandatory enhanced sentence for defendants who are convicted of being a felon in possession of a firearm or ammunition and have three or more previous convictions for a "violent felony or a serious drug offense." The term "violent felony" is defined in part as "any crime punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The Ninth Circuit held that crimes that can be committed recklessly do not qualify as violent felonies under that clause (commonly referred to as the "force clause"). The panel that decided

- 3 -

*Orona* stated, however, that if it was not bound by circuit precedent, it "very well might" have followed the lead of other circuits and held that reckless conduct qualifies as a "violent felony" under the ACCA's "force clause." *Id.* at 1203. The Ninth Circuit subsequently granted a petition for rehearing *en banc*. However, the Ninth Circuit has stayed the *en banc* proceeding pending the Supreme Court's decision in *United States v. Borden*, 769 F. App'x 266 (6th Cir. 2019), *cert. granted*, No. 19-5410, 2020 WL 981806 (U.S. Mar. 2, 2020).[3]

On August 19, 2019, in *United States v. Begay*, 934 F.3d 1033, 1041 (9th Cir. 2019), the Ninth Circuit held that "[b]ecause second-degree murder can be committed recklessly, rather than intentionally, it does not categorically constitute a crime of violence." The United States filed a petition for panel rehearing, which has been stayed.

Here, the United States does not dispute that under *Begay*, Movant's § 924(c) conviction predicated on second-degree murder is invalid. (Doc. 38). Although the United States "acknowledges the precedential value of *Begay*" (*Id.* at 6 n.3), it asserts that:

> This Court should wait until the Supreme Court issues a decision in *United States v. Borden*, 769 F. App'x 266 (6th Cir. 2019), *cert. granted*, No. 19-5410, 2020 WL 981806 (U.S. Mar. 2, 2020), which will resolve whether crimes with a mens rea of mere recklessness qualify as crimes of violence under the "use of force" clause in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(i). The resolution of that decision will directly impact whether the Ninth Circuit correctly decided *Begay*.

(*Id.* at 6).

The United States previously filed a Motion (Doc. 29) requesting that this matter be stayed pending resolution of the petition for rehearing *en banc* in *Orona* and any potential further proceedings in *Begay*. The undersigned issued a Report and Recommendation recommending that the Motion be denied. (Doc. 30). The United States objected to the recommendation. (Doc. 31). On February 21, 2020, the Court overruled the United States'

---

[3] The question presented in *Borden* is whether the "force clause" in 18 U.S.C. § 924(e)(2)(B)(i) encompasses crimes with a mens rea of mere recklessness. *Borden*, No. 19-5410, https://www.supremecourt.gov/qp/19-05410qp.pdf (last visited Aug. 18, 2020).

objections and denied the Motion to Stay (Doc. 29). (Doc. 35). The Court found that that "it is not reasonable to conclude that the rulings will be issued 'in the very near term[.]'" (*Id.* at 4) (quoting Doc. 31 at 3). In addition, the Court did not find that "the prejudice to Wilson from a stay is outweighed by the interests of judicial economy or the government's desire to delay filing a response to Wilson's § 2255 motion." (*Id.*).

The undersigned recommends that the Court deny the United States' renewed request to stay this matter. The Supreme Court is not likely to issue its opinion in *Borden* in the near future. *Borden* has not yet been set for oral argument. *See* U.S. Supreme Court Calendar, Session Beginning October 5, 2020, https://www.supremecourt.gov/oral_arguments/calendarsandlists.aspx (last visited Aug. 18, 2020). After issuance of the opinion in *Borden*, additional delay will occur while awaiting further decisions in *Orona* and *Begay*. Movant correctly asserts in his Reply that "the Ninth Circuit has held that a stay is not justified in a habeas case simply to await an appellate court's ruling on a controlling issue of law, notwithstanding the government's appeal to concerns of judicial economy." (Doc. 41 at 6) (citing *Yong v. INS*, 208 F.3d 1116, 1120 (9th Cir. 2000) (explaining that the Ninth Circuit has "never authorized, in the interests of judicial economy, an indefinite, potentially lengthy stay in a habeas case")).

Movant's § 924(c) conviction is invalid under current, binding Ninth Circuit precedent. *Begay*, 934 F.3d at 1041 (holding that movant's § 924(c) conviction predicated on second degree murder "cannot stand under either the elements clause or residual clause of § 924(c)(3)"). It is recommended that the Court grant Movant's Second Amended § 2255 Motion (Doc. 27). *See Broncheau v. United States*, No. 3:13-CR-010-BLW, 2020 WL 1666636, at *2 (D. Idaho Apr. 3, 2020) (relying on *Davis* and *Begay* in granting § 2255 motion and vacating § 924(c) conviction predicated on second degree murder).

### III. CONCLUSION

Based on the foregoing,

**IT IS RECOMMENDED** that the Court grant the Second Amended § 2255 Motion (Doc. 27).

**IT IS FURTHER RECOMMENDED** that the Court vacate the portion of the Court's October 21, 2005 Judgment (CR Doc. 52) convicting Movant of violating 18 U.S.C. § 924(c), Use of a Firearm in a Crime of Violence.

This Report and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.  The parties shall have fourteen days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72.  Thereafter, the parties have fourteen days within which to file a response to the objections.  Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 27th day of August, 2020.

Honorable Eileen S. Willett
United States Magistrate Judge